NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| RONALD JONES, | : | Civil No. 06-5725 (NLH) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| GEORGE W. HAYMAN, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    RONALD JONES, #67483, Petitioner Pro Se
    Northern State Prison
    P.O. Box 2300
    Newark, New Jersey  07114

**HILLMAN**, District Judge

    On November 27, 2006, Ronald Jones filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Cumberland County, on October 19, 1981, after a jury convicted him of first-degree kidnaping, four counts of first-degree aggravated sexual assault, and possession of a weapon for an unlawful purpose.  The Law Division imposed an aggregate term of 55 years of imprisonment, with 25 years of parole ineligibility.  By Order and accompanying Opinion entered December 8, 2006, this Court summarily dismissed the Petition as a successive petition, see 28 U.S.C. § 2244(b)(3)(A), and denied a certificate of appealability.

Petitioner appealed. By Mandate filed in this Court on November 30, 2007, the United States Court of Appeals for the Third Circuit granted a certificate of appealability as to Claim Nine of the Petition, denied a certificate of appealability as to the remaining claims, summarily vacated this Court's decision as to Claim Nine only, and remanded with instructions to consider the parole eligibility claim presented in Claim Nine as an initial petition. The Mandate specified that the Court of Appeals was expressing no opinion as to the merits of Claim Nine, or its timeliness, or whether petitioner exhausted administrative or state court remedies.

Claim Nine of the Petition provides:

> Petitioner Ronald Jones as part of his wrongful conviction was sentenced to 55 years with a 25 year period of parole ineligibility, and is currently being denied an initial parole hearing for consideration of release on parole after having served the now bygone 25 year mandatory minimum term of imprisonment, that fell on December 9, 2005 being exactly 25 years from Petitioner's December 9, 1980 arrest date. In violation of Petitioner's rights secured him by the Eighth Amendment prohibition against cruel and unusual punishment, and the Fifth and Fourteenth Amendments due process guarantees of the United States Constitution to equitable sentencing.

(Pet. Ground Nine.)

Pursuant to <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), by Order entered February 26, 2008, this Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism Effective Death Penalty Act (AEDPA), and gave him 45 days to file one all-inclusive § 2254 petition. On March 3, 2008, Petitioner filed a document labeled "Motion for Speedy Appeal Disposition." On March 13, 2008, Petitioner filed an affidavit in response to the <u>Mason</u> Order in which Petitioner asks this Court to accept the "Motion for Speedy Appeal

Disposition" as his all-inclusive filing with respect to his parole eligibility matter raised in Ground Nine of the original Petition. The Amended Petition raises the following grounds:

> Ground One: THE STATE PAROLE BOARD ARBITRARILY AND CAPRICIOUSLY DENIED PETITIONER OF A TIMELY INITIAL PAROLE HEARING BY HIS ACTUAL DECEMBER 9, 2005 PAROLE ELIGIBILITY DATE.
>
> Ground Two: THE STATE PAROLE BOARD ARBITRARILY AND CAPRICIOUSLY DENIED PETITIONER OF HIS RIGHT TO AN IN-DEPTH PSYCHOLOGICAL EVALUATION TO BE CONSIDERED PRIOR TO RENDERING ITS PAROLE DECISION.
>
> Ground Three: THE STATE PAROLE BOARD ARBITRARILY AND CAPRICIOUSLY DENIED PETITIONER PAROLE FOR MAINTAINING HIS ACTUAL INNOCENCE OF THE CRIMES OF WHICH HE [HAS] BEEN CONVICTED.
>
> Ground Four: THE STATE PAROLE BOARD ARBITRARILY AND CAPRICIOUSLY DENIED PETITIONER PAROLE FOR HAVING NOT PARTICIPATED IN ANY SPECIFIC PROGRAMS TO ADDRESS THE PRESENT CRIMINAL OFFENSES OF WHICH HE [HAS] BEEN CONVICTED.
>
> Ground Five: THE STATE PAROLE BOARD ARBITRARILY AND CAPRICIOUSLY DENIED PETITIONER PAROLE ON THE BASIS OF A SUBSTANTIAL LIKELIHOOD FOR RECIDIVISM.
>
> Ground Six: THE STATE PAROLE BOARD ARBITRARILY AND CAPRICIOUSLY DENIED PETITIONER PAROLE ON THE BASIS THAT THERE WERE NO MITIGATING FACTORS ON HIS BEHALF FOR PAROLE.
>
> Ground Seven: THE STATE PAROLE BOARD ARBITRARILY AND CAPRICIOUSLY DETERMINED THAT PETITIONER LACKED AN ADEQUATE PAROLE PLAN FOR REL[EASE] ON PAROLE.

(Amended Petition, Grounds One to Seven, pp. 12, 14, 17, 20, 22, 23, 24.)

## I.  BACKGROUND

In the Amended Petition, Petitioner asserts that his 25-year period of parole ineligibility expired, and he became eligible for parole on December 9, 2005.  He alleges, however, that the New Jersey State Parole Board miscalculated his parole eligibility date as April 19, 2007.  Petitioner states that, in January 2006, he filed an action in the Superior Court of New Jersey, Appellate Division, appealing the failure of the Parole Board to conduct an eligibility hearing on his December 9, 2005, eligibility date.  Petitioner alleges that, in accordance with an order of the Appellate Division, in April 2006, the Law Division of the Superior Court, Cumberland County, determined that Petitioner was entitled to one year of credit toward his sentence for time served in the county jail.

Petitioner states that on August 7, 2006, the Appellate Division ordered the Parole Board to give Petitioner an initial parole eligibility hearing on or before September 6, 2006.  Petitioner asserts that, although the Parole Board panel indicated on August 25, 2006, that a psychological evaluation should be performed, the panel conducted Petitioner's parole eligibility hearing (over Petitioner's objection) on September 1, 2006, without obtaining the psychological evaluation.  Petitioner states that on September 1, 2006, the panel denied parole on the grounds that Petitioner maintained his innocence of the criminal offenses for which he was convicted, Petitioner had not participated in prison rehabilitative programs while in prison, and there was a substantial likelihood that Petitioner would commit a crime if released on parole at that time.  Petitioner states that on September 20, 2006, he administratively appealed the panel decision to the full Parole Board.

Petitioner asserts that, while the Parole Board was considering his administrative appeal, on October 11, 2006, Petitioner filed motions in the Appellate Division to supplement the record and for an order directing the Parole Board to release Petitioner on the ground that the parole eligibility hearing had been delayed for 11 months. Petitioner states that the Parole Board filed a motion before the Appellate Division to dismiss the appeal as moot. Petitioner asserts that on November 20, 2006, the Appellate Division dismissed the appeal.

Petitioner alleges that on December 21, 2006, the Parole Board issued a final decision (on his administrative appeal) which affirmed the panel's decision to deny parole. Petitioner does not indicate that he appealed this final administrative decision denying parole to the Appellate Division and to the New Jersey Supreme Court. Petitioner asks this Court to order his release on the grounds set forth in the Amended Petition.

## II.  DISCUSSION

A.  Exhaustion

A district court may not grant a writ of habeas corpus releasing a prisoner under § 2254 unless the petitioner has exhausted state court remedies or such process is unavailable or ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); Rhines v. Weber, 544 U.S. 269 (2005); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Section 2254(b) provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court **shall not be granted** unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or

5

>     (B)(i) there is an absence of available State corrective process; or
>
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A) & (B) (emphasis added); see also Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert, 134 F.3d at 513; Toulson v. Beyer, 987 F.2d 984, 987-89 (3d Cir. 1993). Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Federal courts have consistently adhered to the exhaustion doctrine "for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." Picard v. Connor, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted). The statutory scheme under the AEDPA "reinforces the importance of Lundy's 'simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.'" Rhines, 544 U.S. at 276-77 (quoting Rose v. Lundy, 455 U.S. 509, 520 (1982)).

The Exhaustion Doctrine requires a petitioner to fairly present each federal claim to each level of the state court system, including the state's highest court. See Baldwin v. Reese, 541 U.S. 27 (2004); O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Rose v. Lundy, 455 U.S. 509, 515 (1982); United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17 (1925); Burkett v. Love, 89 F.3d 135, 138 (3d Cir. 1996). "[S]tate prisoners must give the state courts one full opportunity to

6

resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review before the State's highest court. O'Sullivan, 526 U.S. at 845; see also Baldwin, 541 U.S. at 29. Thus, the Supreme Court "held in Rose v. Lundy, 455 U.S. 509 . . . (1982), that federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Rhines, 544 U.S. at 273.

"To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted," McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999); accord Baldwin v. Reese, 541 U.S. 27 (2004); Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam), and must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim," Anderson v. Harless, 459 U.S. 4, 6 (1982) (citation and internal quotation marks omitted). The United States Court of Appeals for the Third Circuit instructs that a petitioner can fairly present his claim if his state court brief shows: "(a) reliance on pertinent federal cases; (b) reliance on state cases employing constitutional analysis in like fact situations; (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution; and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." Nara v. Frank, 488 F. 3d 187, 198 (3d Cir. 2007)[1]; see also McCandless, 172 F. 3d at 260. In making this determination, a court must examine the briefs

---

[1] In Nara, the Court of Appeals noted the Supreme Court's ruling in Baldwin v. Reese, 541 U.S. 27, 32 (2004), "that the petitioner's briefs to the state courts in that case did not 'fairly present' a federal claim because the briefs cited no case that might alert the state court to the federal nature of the claim, lacked a factual description supporting the claim, and yet cited federal law in support of other claims." Nara, 488 F. 3d at 198 n.17.

filed by petitioner in the state courts.  See Dye v. Hofbauer, 546 U.S. 1, 4 (2005) (petitioner fairly presented federal claim where "the text of the brief under this argument heading cites the Fifth and Fourteenth Amendments to the Constitution of the United States" and federal cases concerning due process violations, even though state appellate court opinion made no mention of a federal claim); Smith v. Digmon, 434 U.S. 332, 333 (1978) ("It is too obvious to merit extended discussion that whether the exhaustion requirement . . . has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court").

The facts set forth in the Amended Petition do not show that Petitioner exhausted his federal claims.  According to the Petition, the Parole Board issued a final administrative decision denying parole on December 21, 2006.  New Jersey Court Rule 2:2-3(a)(2) provides that a final decision of any state administrative agency is reviewable, as of right, by the Appellate Division.  See N.J. Ct. R. 2:2-3(a)(2).  The Parole Board is an administrative agency whose final decisions may be appealed to the Appellate Division within the meaning of Rule 2:2-3(a)(2).  See Trantino v. N.J. State Parole Bd., 166 N.J. 113, 172-73 (2001); In re Hawley, 98 N.J. 108. 112 (1984).  Petitioner does not show, however, that he exhausted state court remedies by appealing the December 21, 2006, final administrative decision and thereby presenting his federal claims to the Appellate Division and the New Jersey Supreme Court.  If Petitioner did not appeal the final administrative decision, then this Court would be required to dismiss the Petition without prejudice as unexhausted (unless, as explained below, Petitioner shows that exhaustion is

8

excused or he is entitled to a stay while he exhausts).[2]  See Parker v. Kelchner, 429 F. 3d 58 (3d Cir. 2005) (state prisoner's § 2254 challenge to denial of parole must be dismissed as unexhausted where petitioner has the right under the law of the state to raise the question by any available means, whether or not claim will likely be denied on merits in state court); Coady v. Vaughn, 251 F. 3d 480, 488 (3d Cir. 2001) (state prisoner challenging denial of parole as unconstitutional must proceed under 28 U.S.C. § 2254 and habeas court cannot reach merits of claims where prisoner has failed to exhaust state court remedies unless there is an absence of available state process or state remedies are ineffective); Burkett v. Love, 89 F. 3d 135, (3d Cir. 1996) (state prisoner challenging denial of parole must exhaust state court remedies under § 2254(b) or show exhaustion is excused); Brown v. Fauver, 819 F. 2d 395, 398 & n.1 (3d Cir. 1987) (New Jersey prisoner challenging loss of good time credits by New Jersey Department of Corrections must exhaust state court remedies by appealing to Appellate Division and the New Jersey Supreme Court).  This Court will accordingly direct Petitioner to show cause why the Petition and Amended Petition should not be dismissed without prejudice as unexhausted.

B.  Circumstances Excusing Exhaustion

Section 2254(b)(1)(B)(i) excuses exhaustion where there is "an absence of available State corrective process."  28 U.S.C. § 2254(b)(1)(B)(i); see also Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam).  A petition containing claims which are unexhausted but procedurally barred will not be dismissed as unexhausted.  "Although the unexhausted claims may not have been

---

[2] This Court may, however, dismiss the Petition with prejudice on the merits (despite the failure to exhaust) pursuant to 28 U.S.C. § 2254(b)(2), if the Petition does not even raise a colorable federal claim.  See Lambert, 134 F.3d at 515 (district courts may deny a mixed petition on the merits under § 2254(b)(2) only "if it is perfectly clear that the applicant does not raise even a colorable federal claim") (quoting Granberry v. Greer, 481 U.S. 129, 135 (1987)).

9

presented to the highest state court, exhaustion is not possible because the state court [has found] the claims procedurally defaulted." Toulson, 987 F.2d at 987; accord Coleman v. Thompson, 501 U.S. 722, 730-32 & n.1 (1991); Harris v. Reed, 489 U.S. 255 (1989).[3] In determining whether state court review is "available" under § 2254(b)(1)(B) and (c), this Court must "turn [its] attention to the actuality that the state courts would refuse to entertain" the petitioner's federal claims. Lambert, 134 F.3d at 516; Christy, 115 F.3d at 207. Most importantly, "unless a state court decision exists indicating that a habeas petitioner is clearly precluded from state court relief, the federal habeas claim should be dismissed for nonexhaustion, even if it appears unlikely that the state will address the merits of the petitioner's claim." Lambert, 134 F.3d at 517.

For example, the petitioner in Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993), was a New Jersey prisoner who filed a § 2254 petition in the District Court for the District of New Jersey challenging his state conviction and sentence on five grounds. The Appellate Division of the New Jersey Superior Court had affirmed his conviction; the New Jersey Supreme Court had denied his petition for certification; and the trial court had denied his motion to reconsider the sentence and his motion for post-conviction relief. Toulson had not presented three of his § 2254 grounds to the New Jersey Supreme Court in his petition for certification. The district court held

---

[3] While it excuses exhaustion, the doctrine of procedural default is a double-edged sword. When a petitioner's failure to comply with a state procedural rule has prevented the state courts from reaching the merits of his federal claims, federal habeas review of those claims is ordinarily barred as petitioner has procedurally defaulted his claims. See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). Reliance by the last state court to consider the federal claim on an "adequate and independent finding of procedural default will bar federal habeas review of [that] federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice' attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." Harris, 489 U.S. at 262 (citations and internal quotation marks omitted); accord Coleman, 501 U.S. at 750; Cabrera v. Barbo, 175 F.3d 307, 312-14 (3d Cir. 1999); Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996).

that the claims were procedurally barred by N. J. Ct. R. 3:22-4 (barring consideration of grounds not raised in prior proceedings), in that Toulson had not raised them in his petition for certification to the New Jersey Supreme Court.  The United States Court of Appeals for the Third Circuit reversed and remanded, observing that Rule 3:22-4(c) dissolves the procedural bar where "denial of relief would be contrary to the Constitution of the United States or the State of New Jersey," and that other rules presenting potential procedural bars were likewise subject to relaxation.[4]  The Third Circuit instructed the district court to dismiss the petition without prejudice for failure to exhaust "[b]ecause no state court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default."  Toulson, 987 F.2d at 989.

In contrast, in Cabrera v. Barbo, 175 F.3d 307 (3d Cir. 1999), the Court of Appeals for the Third Circuit affirmed dismissal of claims raised in a New Jersey prisoner's § 2254 petition as procedurally defaulted after a New Jersey court had in fact refused to consider the petitioner's federal claims on the ground that they were procedurally barred by New Jersey Court Rule 3:22-4.  Under those circumstances, the Court of Appeals observed that exhaustion was unavailable.  However, because New Jersey's rejection of Cabrera's claims was based on an adequate and independent state ground, the petitioner had procedurally defaulted the claims.  See Cabrera, 175 F.3d at 312-314.

---

[4] New Jersey Court Rule 3:22-12, which poses a five-year limitation period for the filing of post-conviction relief petitions, Rule 3:22-4, which bars any ground for relief not raised in a prior post-conviction relief proceeding, and Rule 3:22-5, which provides that a prior adjudication upon the merits of any ground for relief is conclusive, are subject to relaxation.  See State v. Preciose, 129 N.J. 451, 454, (1992); State v. Mitchell, 126 N.J. 565 (1992); State v. Johns, 111 N.J. Super 574, 576 (App. Div. 1970).

In this case, Petitioner has not shown that the Appellate Division or the New Jersey Supreme Court has determined that Petitioner is procedurally barred from challenging the Parole Board's final decision to deny parole on the grounds set forth in the Amended Petition.[5] Thus, unless Petitioner shows in response to the Order to Show Cause that a New Jersey court has determined that he is procedurally barred from challenging the Parole Board's decision denying parole, his failure to exhaust will not be excused under § 2254(b)(1)(B)(i).  See Brown v. Fauver, 819 F. 2d 395, 397 & n.1 (3d Cir. 1987).

Failure to exhaust may also be excused where "circumstances exist that render [State corrective] process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(ii).  State corrective process is ineffective where "'state remedies are inadequate or fail to afford a full and fair adjudication of the federal contentions raised, or where exhaustion in state court would be futile.'"  Lambert, 134 F.3d at 516 (quoting Christy v. Horn, 115 F.3d 201, 207 (3d Cir. 1997)); see also Gibson, 805 F.2d at 138.  Although nothing presently before this Court indicates that New Jersey's appellate review procedures are inadequate to adjudicate Petitioner's federal claims, Petitioner is free to attempt to show otherwise in response to the Order to Show Cause accompanying this Opinion.

C.  Stay and Abeyance

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court confronted "the problem of a 'mixed petition for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that

---

[5] As previously stated, New Jersey Court Rule 2:2-3(a)(2) provides that final decisions of the Parole Board, a state administrative agency, are reviewable, as of right, by the Appellate Division.  See N.J. Ct. R. 2:2-3(a)(2); Trantino v. N.J. State Parole Bd., 166 N.J. at 172-73.

have not." Id. at 271.  In Rhines, the petitioner had more than 11 months left before the expiration of the limitations period when he filed his § 2254 petition in the district court, but the district court did not dismiss the mixed petition as unexhausted until the one-year statute of limitations had expired.  See Rhines, 544 U.S. at 272.  The district court granted Rhines' motion for a stay, but the Eighth Circuit reversed on the ground that a district court has no authority to stay a mixed petition absent truly exceptional circumstances.  Id. at 273.  In reversing the court of appeals, the Supreme Court noted that the enactment of AEDPA in 1996 dramatically altered the landscape for federal habeas corpus petitions.  See Rhines, 544 U.S. at 274.  The Court explained:

> AEDPA preserved *Lundy's* total exhaustion requirement, see 28 U.S.C. § 2254(b)(1)(A) . . . , but it also imposed a 1-year statute of limitations on the filing of federal petitions, § 2244(d).  Although the limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review," § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations, *Duncan, supra*, at 181-182, 121 S. Ct. 2120.
>
>    As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims.  If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review . . . .  [I]f a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim.  The problem is not limited to petitioners who file close to the AEDPA deadline.  Even a petitioner who files early will have no way of controlling when the district court will resolve the question of exhaustion.  Thus, whether a petitioner ever

>receives federal review of his claims may turn on which district court happens to hear his case.

Rhines, 544 U.S. at 274-75.

The Supreme Court held that "a federal district court has discretion to stay the mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." Rhines, 544 U.S. at 271.  However, the Supreme Court cautioned that "stay and abeyance should be available only in limited circumstances" because staying a petition frustrates the AEDPA's goals of encouraging finality and streamlining federal habeas proceedings.  Rhines, 544 U.S. at 277.  "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."  Id.

Rhines does not appear to be directly applicable to this case, however, because the Petition and Amended Petition do not appear to raise any exhausted claims.  In that case, the Petition and Amended Petition are not "mixed."  Nevertheless, Petitioner is free to argue in his responsive papers that this Court should grant a stay under the Rhines standard, rather than dismiss the Petition and Amended Petition without prejudice for failure to exhaust the claims presented.

## III.  CONCLUSION

      For the reasons set forth above, Petitioner shall show cause in writing why the Petition and Amended Petition should not be dismissed without prejudice as unexhausted.

                                          s/Noel L. Hillman  
                                          **NOEL L. HILLMAN, U.S.D.J.**

DATED:   June 16  , 2008

At Camden, New Jersey