**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RONALD JONES, | Civil Action No. 06-5725 (NLH) |
| Petitioner, | |
| v. | **OPINION** |
| GEORGE W. HAYMAN, et al., | |
| Respondents. | |

**APPEARANCES**:

    RONALD JONES, #67483/954731A
    Northern State Prison
    P.O. Box 2300
    Newark, New Jersey  07114
    Petitioner Pro Se

    CHRISTOPHER C. JOSEPHSON, Deputy Attorney General
    ATTORNEY GENERAL OF NEW JERSEY
    P.O. Box 112
    Trenton, New Jersey  08625-0112
    Attorneys for Respondents

**HILLMAN**, District Judge

On November 27, 2006, Ronald Jones filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Cumberland County, on October 19, 1981.  By Order and accompanying Opinion entered December 8, 2006, this Court summarily dismissed the Petition as a successive petition, see 28 U.S.C. § 2244(b)(3)(A), and denied a certificate of appealability.  Petitioner appealed.  By Mandate filed in this

Court on November 30, 2007, the United States Court of Appeals for the Third Circuit granted a certificate of appealability as to Claim Nine of the Petition, denied a certificate of appealability as to the remaining claims, summarily vacated this Court's decision as to Claim Nine only, and remanded with instructions to consider the parole eligibility claim presented in Claim Nine as an initial petition.[1]  Claim Nine of the Petition provides:

> Petitioner Ronald Jones as part of his wrongful conviction was sentenced to 55 years with a 25 year period of parole ineligibility, and is currently being denied an initial parole hearing for consideration of release on parole after having served the now bygone 25 year mandatory minimum term of imprisonment, that fell on December 9, 2005 being exactly 25 years from Petitioner's December 9, 1980 arrest date.  In violation of Petitioner's rights secured him by the Eighth Amendment prohibition against cruel and unusual punishment, and the Fifth and Fourteenth Amendments due process guarantees of the United States Constitution to equitable sentencing.

(Pet. Ground Nine.)

Pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), by Order entered February 26, 2008, this Court notified Petitioner of the consequences of filing such a Petition challenging parole eligibility under the Antiterrorism Effective Death Penalty Act

---

[1] The Mandate specified that the Court of Appeals was expressing no opinion as to the merits of Claim Nine, or its timeliness, or whether petitioner had exhausted administrative or state court remedies.

(AEDPA), and gave him 45 days to file one all-inclusive § 2254 petition.  On March 3, 2008, Petitioner filed a document labeled "Motion for Speedy Appeal Disposition" [Docket entry #10].  On March 13, 2008, Petitioner filed an affidavit [Docket entry #11] in response to the Mason Order in which Petitioner asked this Court to accept the "Motion for Speedy Appeal Disposition" as his all-inclusive filing with respect to his parole eligibility matter raised in Ground Nine of the original Petition.

Pursuant to Petitioner's request, this Court has considered Docket entry #10 as his "Amended Petition."  This Amended Petition [Docket entry #10] raises the following grounds:

> Ground One: THE STATE PAROLE BOARD ARBITRARILY AND CAPRICIOUSLY DENIED PETITIONER OF A TIMELY INITIAL PAROLE HEARING BY HIS ACTUAL DECEMBER 9, 2005 PAROLE ELIGIBILITY DATE.
>
> Ground Two: THE STATE PAROLE BOARD ARBITRARILY AND CAPRICIOUSLY DENIED PETITIONER OF HIS RIGHT TO AN IN-DEPTH PSYCHOLOGICAL EVALUATION TO BE CONSIDERED PRIOR TO RENDERING ITS PAROLE DECISION.
>
> Ground Three: THE STATE PAROLE BOARD ARBITRARILY AND CAPRICIOUSLY DENIED PETITIONER PAROLE FOR MAINTAINING HIS ACTUAL INNOCENCE OF THE CRIMES OF WHICH HE [HAS] BEEN CONVICTED.
>
> Ground Four: THE STATE PAROLE BOARD ARBITRARILY AND CAPRICIOUSLY DENIED PETITIONER PAROLE FOR HAVING NOT PARTICIPATED IN ANY SPECIFIC PROGRAMS TO ADDRESS THE PRESENT CRIMINAL OFFENSES OF WHICH HE [HAS] BEEN CONVICTED.

> Ground Five: THE STATE PAROLE BOARD
> ARBITRARILY AND CAPRICIOUSLY DENIED
> PETITIONER PAROLE ON THE BASIS OF A
> SUBSTANTIAL LIKELIHOOD FOR RECIDIVISM.
>
> Ground Six: THE STATE PAROLE BOARD
> ARBITRARILY AND CAPRICIOUSLY DENIED
> PETITIONER PAROLE ON THE BASIS THAT THERE
> WERE NO MITIGATING FACTORS ON HIS BEHALF FOR
> PAROLE.
>
> Ground Seven: THE STATE PAROLE BOARD
> ARBITRARILY AND CAPRICIOUSLY DETERMINED THAT
> PETITIONER LACKED AN ADEQUATE PAROLE PLAN FOR
> REL[EASE] ON PAROLE.

(Amended Petition, Grounds One to Seven) [Docket entry #10, pp. 13, 15, 18, 20, 22, 23, 24.]

Respondents filed an Answer, together with the record. [Docket entry nos. 18, 20, 21.] Respondents argue: (1) the claims are unexhausted; and (2) the claims should be dismissed on the merits.[2] On December 22, 2008, Petitioner filed a Reply Brief in opposition to the Answer. [Docket entry #24.]

---

[2] Respondents argue that Petitioner's claims are unexhausted because the New Jersey Supreme Court denied relief, but not on the merits. To the extent that Petitioner's claims are unexhausted and/or procedurally defaulted, this Court will deny them on the merits pursuant to 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). See Taylor v. Horn, 504 F. 3d 416, 427 (3d Cir. 2007) ("Here, because we will deny all of Taylor's claims on the merits, we need not address exhaustion"); Bronshtein v. Horn, 404 F. 3d 700, 728 (3d Cir. 2005) ("We would permit Bronshtein to attempt on remand to establish a reason to excuse his procedural default, but we find it unnecessary to do so because it is apparent that the claims in question lack merit. Under 28 U.S.C. § 2254(b)(2), we may reject claims on the merits even though they were not properly exhausted, and we take that approach here").

## I. BACKGROUND

On October 19, 1981, after a jury convicted Petitioner of first-degree kidnaping, first-degree aggravated sexual assault (four counts), and possession of a weapon for an unlawful purpose, the Law Division of the Superior Court of New Jersey imposed an aggregate term of 55 years of imprisonment, with 25 years of parole ineligibility.  By Order entered April 19, 2006, the Law Division entered an amended judgment of conviction giving Petitioner credit for 314 days jail and gap time and sentencing him to community supervision for life.  The Appellate Division summarized the facts leading to Petitioner's conviction as follows:

> On December 7, 1980, Jones held a knife to a
> female victim while forcing her to exit a
> laundromat.  When they reached an area behind
> an adjacent carwash, Jones forced the victim
> to perform fellatio and have sexual
> intercourse with him.  During this incident,
> Jones also stole twenty-two dollars from the
> victim's purse.  After the sexual assault at
> the carwash, Jones required the victim to
> drive to a nearby junior high school.  He
> again sexually assaulted her at that
> location.  After a June 10, 1981, jury trial,
> Jones was found guilty of all six counts
> charged in Cumberland County Indictment No.
> 308-80.

Jones v. N.J. State Parole Bd., Docket No. A-3524-06T3 slip op., p. 2. (N.J. Super., App. Div., Nov. 16, 2007) (Docket entry #20-2, pp. 2-6.)

According to the Appellate Division, Petitioner became eligible for parole on May 17, 2006, and a panel of the Parole Board considered his case on September 1, 2006, denying parole and establishing a 36-month future parole eligibility term. See Jones, Docket No. A-3524-06T3 slip op., p. 2.  Petitioner administratively appealed the panel decision and on December 21, 2006, the full Parole Board affirmed the denial of parole and imposition of the 36-month future eligibility date.  Id.

Petitioner appealed to the Appellate Division of the Superior Court of New Jersey, raising the same seven grounds which he presents in the Amended Petition.  See Jones, Docket No. A-3524-06T3 Appellant's Brief [Docket entry 20-2, pp. 28, 30, 33, 35, 37, 38, 39.]  In an opinion filed November 16, 2007, the Appellate Division affirmed, determining that the Board's action was not arbitrary or capricious, and complied with law.  See Jones, Docket No. A-3524-06T3 slip op., p. 5 [Docket entry #20-2, p. 6.]  By order filed April 17, 2008, the New Jersey Supreme Court dismissed Petitioner's appeal on the ground that the matter does not present a substantial constitutional question.  See Jones v. N.J. State Parole Bd., Docket No. 62,097 order (N.J. Supreme Ct. Apr. 17, 2008) [Docket entry #20-2, p. 54.]

## II.  STANDARD OF REVIEW

A habeas corpus petition must meet "heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994)

6

(citing 28 U.S.C. § 2254 Rule 2(c)).  The petition must specify all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested.  See 28 U.S.C. § 2254 Rule 2(c)(1), (c)(2), (c)(3).

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

The AEDPA limits a federal court's authority to grant habeas relief when a state court has adjudicated petitioner's federal claim on the merits.  See 28 U.S.C. § 2254(d).  Where a federal claim was "adjudicated on the merits" in state court proceedings, the writ must be denied unless adjudication of the claim either involved an unreasonable application of clearly established federal law, or was based on unreasonable determination of the facts in light of the evidence before the state court.  See 28 U.S.C. § 2254(d).  Specifically, § 2254(d) provides:

> (d) An application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on

7

> the merits in State Court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The unreasonableness standards of § 2254(d) govern only claims that were "adjudicated on the merits in State Court proceedings." 28 U.S.C. § 2254(d). "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (citations and internal quotation marks omitted), reversed on other grounds sub nom. Rompilla v. Beard, 545 U.S. 374 (2005); see also Rolan v. Vaughn, 445 F. 3d 671, 678 (3d Cir. 2006). A state court may render an adjudication on the merits of a federal claim by rejecting the claim without any discussion whatsoever. See Rompilla, 355 F.3d at 247. On the other hand, "[i]f the petitioner's legal claims were presented but not addressed by the state courts, 28 U.S.C. § 2254(d) does not apply, and federal

8

courts undertake a de novo review of the claim." Rolan, 445 F. 3d at 678.

As the New Jersey courts adjudicated petitioner's claims on the merits, this Court may not grant relief unless either § 2254(d)(1) or § 2254(d)(2) is satisfied. See 28 U.S.C. § 2254(d). Accordingly, this Court may not grant habeas relief to petitioner unless the adjudication of a federal claim by the New Jersey courts involved an unreasonable application of clearly established Supreme Court law, see 28 U.S.C. § 2254(d)(1), or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding and petitioner is in custody in violation of the Constitution or laws or treaties of the United States, see 28 U.S.C. § 2254(a), (d)(2).

A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court. See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412; see also Carey v. Musladin, 127 S. Ct. 649, 653 (2006) ("federal habeas relief may be granted here if the California Court of Appeal's decision was contrary to or involved an unreasonable application of this Court's applicable holdings"). A court must

look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1), if the state court "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. For example, in Carey v. Musladin, the court reversed the granting of a writ, holding that where "[n]o holding of this Court required the California Court of Appeal to apply the test of Williams and Flynn to the spectators' conduct . . . , the state court's decision was not contrary to or an unreasonable application of clearly established federal law." Carey, 127 S. Ct. at 654.[3] In addition, whether a state court's application of

---

[3] See also Wright v. Van Patten, 128 S. Ct. 743, 747 (2008) ("Because our cases give no clear answer to the question presented, let alone one in [petitioner's] favor, it cannot be said that the state court unreasonabl[y] appli[ed] clearly
(continued...)

10

federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable.[4]  Id. at 409-10; see also Thomas v. Varner, 428 F. 3d 491, 497 (3d Cir. 2005).  "[T]his Court has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court."  See Knowles v. Mirzayance, 129 S. Ct. 1411, 1419 (2009) (citing Wright v. Van Patten, 552 U.S. ----, ----, 128 S.Ct., at 746-47 (2008) (per curiam)).

### III.  DISCUSSION

A.  Procedural Due Process

In Ground One, Petitioner asserts that the Parole Board "arbitrarily and capriciously denied Petitioner of a timely initial parole hearing by his actual December 9, 2005 parole eligibility date."  (Am. Pet., Ground One) [Docket entry #10.]  This Court construes Ground One as attempting to assert that Petitioner was denied procedural due process.

---

[3](...continued) established Federal law") (citation and internal quotation marks omitted).

[4] "[D]ecisions of federal courts below the level of the United States Supreme Court may be helpful to [a court] in ascertaining the reasonableness of state courts' application of clearly established United States Supreme Court precedent, as well as helpful amplifications of that precedent."  Marshall v. Hendricks, 307 F.3d 36, 71 n.24 (3d Cir. 2002) (citations and internal quotation marks omitted).

11

The Supreme Court has held that an inmate has no liberty interest arising by force of the Due Process Clause itself in being released on parole prior to the expiration of his sentence. See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979).  But a state may create a protected liberty interest in the expectancy of release on parole, absent the requisite finding that one of the justifications for deferral exists.  See Greenholtz, 442 U.S. at 7-12.  Assuming without deciding that Petitioner has a state created liberty interest in the expectancy of parole release, absent the requisite findings,[5] see Watson v. DiSabato, 933 F. Supp. 390 (D.N.J. 1996); McCray v. Dietz, 517 F. Supp. 787, 790 (D.N.J. 1980); New Jersey State Parole Bd. v. Byrne, 93 N.J. 192, 206-08 (1983); Gerardo v. New Jersey State Parole Bd., 221 N.J. Super. 442, 446 (App. Div. 1987), Petitioner received all the process required by the Supreme Court in Greenholtz.  In Greenholtz, the Supreme Court recognized that Nebraska had created a liberty interest in the expectancy of parole release at the time of eligibility, but the Court held that Nebraska had

---

[5] New Jersey parole statutes provide that "[a]n adult inmate shall be released on parole at the time of parole eligibility, unless information supplied in the [preparole] report . . . or developed or produced at a hearing . . . indicates by a preponderance of the evidence that the inmate has failed to cooperate in his or her own rehabilitation or that there is a reasonable expectation that the inmate will violate conditions of parole . . . if released on parole at that time."  N.J. STAT. ANN. § 30:4-123.53(a).

12

provided due process by requiring: (1) notice of the parole eligibility hearing; (2) an opportunity for the inmate to appear at the eligibility hearing and present statements and letters on his own behalf; and (3) a statement informing him why parole was denied.  See Greenholtz, 442 U.S. at 14-16.  Given Greenholtz, the New Jersey courts' adjudication of Petitioner's procedural due process claim was not contrary to, or an unreasonable application of Supreme Court precedent, and Petitioner is not entitled to habeas relief on Ground One.  Cf. Sonntag v. Powers, 2009 WL 197563 at *3 (D.N.J. Jan. 23, 2009) ("[d]ue process 'does not include receiving a parole [eligibility] hearing in exact accordance with the time period specified by N.J.S.A. 30:4-123.55(c),'" and "even if Petitioner's parole hearings were untimely, any error was cured once the hearings took place") (quoting Johnson v. Paparozzi, 219 F. Supp. 2d 635, 642 (D.N.J. 2002).[6]

---

[6] New Jersey parole statutes provide that the parole eligibility hearing "shall be conducted by the appropriate board panel at least 30 days prior to the eligibility date," N.J. STAT. ANN. § 30:4-123.55(c), but the time limitation may be waived by the appropriate board panel for good cause, N.J. STAT. ANN. § 30:4-123.55(e).  However, to the extent that Petitioner claims he has an independent liberty interest in the procedures specified by this statute, he is not entitled to habeas relief.  See, e.g., Olim v. Wakinekona, 461 U.S. 238, 250-251 (1983) ("Process is not an end in itself.  Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement. . . .  The State may choose to require procedures for reasons other than protection against deprivation of substantive rights, of course, but in making that choice the
(continued...)

13

B.  Substantive Due Process

In Grounds Two through Seven, Petitioner asserts that the Parole Board arbitrarily and capriciously denied an in-depth psychological evaluation, denied parole because Petitioner maintains his innocence, denied parole because he has not participated in programs to address the criminal offenses, denied parole on the basis of a substantial likelihood for recidivism, denied parole on the ground that there were no mitigating factors, and denied parole on the ground that petitioner lacked an adequate parole plan for release on parole.  As "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979), this Court construes Grounds Two through Seven as attempting to assert that the Parole Board based its decision denying parole on arbitrary or constitutionally impermissible reasons in violation of substantive due process protected by the Fourteenth Amendment.

---

[6](...continued)
State does not create an independent substantive right"); Owensboro Waterworks Co. v. City of Owensboro, 200 U.S. 38, 47 (1906) ("Many acts done by an agency of a state may be illegal in their character when tested by the laws of the state, and may, on that ground, be assailed, and yet they cannot, for that reason alone, be impeached as being inconsistent with the due process of law enjoined upon the states").

The Supreme Court has held that "the Due Process Clause contains a substantive component that bars certain arbitrary, wrongful governmental actions regardless of the fairness of the procedures used to implement them." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "The touchstone of due process is protection of the individual against arbitrary action of government." County of Sacramento v. Lewis, 523 U.S. 833, 845 (1998). Supreme Court "cases dealing with abusive executive action have repeatedly emphasized that only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" Id. at 846 (quoting Collins v. Harker Heights, 503 U.S. 115, 129 (1992). The Supreme Court has observed that substantive due process was intended to prevent government officials "from abusing [their] power, or employing it as an instrument of oppression." DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 196 (1989). The test is whether executive conduct "shocks the conscience." See County of Sacramento, 523 U.S. at 846.

> [T]he constitutional concept of conscience shocking duplicates no traditional category of common-law fault, but rather points clearly away from liability, or clearly toward it, only at the ends of the tort law's spectrum of culpability. Thus, we have made it clear that the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm . . . . We have accordingly rejected the lowest common denominator of customary tort liability as

15

> any mark of sufficiently shocking conduct, and have held that the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process . . . . It is, on the contrary, behavior at the other end of the culpability spectrum that would most probably support a substantive due process claim; conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level . . . .

Id. at 848-49 (citations, internal quotation marks and footnotes omitted).

As the Third Circuit observed in a § 2254 case challenging the denial of parole, "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady v. Vaughn, 251 F. 3d 480, 487 (3d Cir. 2001); see also Hunterson, 308 F. 3d at 246-47 ("The relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferent'").

In this case, the Appellate Division rejected Petitioner's claims as follows:

> Jones contends that the Board acted in an arbitrary and capricious manner in denying his parole and imposing the FET . . . .

16

> The decision of the Board involves a discretionary assessment of a multiplicity of imponderables, entailing primarily what a man is and what he may become rather than simply what he has done. One of these "imponderables" is the prediction of an inmate's future behavior, a prediction fraught with subjectivity, mandating broad discretion in the Board's decision-making process. Because the parole decision process is inherently subjective, ultimately it must be made by those with experience and expertise in this field.
>
> Keeping these standards in mind, it is clear that the Board considered all the relevant material facts and had sufficient credible evidence to deny Jones' parole request and to set a thirty-six month FET. See N.J.A.C. 10A:71.3.11. Jones had a prior criminal record, showing an increasing degree of severity with each crime. He was being held for a multi-crime conviction. Furthermore, while in prison, Jones compiled thirty-two institutional infractions, including seven serious infractions. This resulted in a substantial loss of commutation time. To this day, Jones denies committing the crimes for which he was convicted and refuses to enter any programs to help resolve his criminal tendencies. He has not devised a plan for his life after parole, and his criminal evaluation test indicated he is a medium risk for recidivism. Considering this evidence, nothing appears to be arbitrary or capricious about the Board's action.
>
> The rest of petitioner's arguments lack sufficient merit to warrant discussion in a written opinion.
>
> Our review of the record and pertinent law does not reveal any reason to disturb the Board's findings.

Jones v. N.J. State Parole Bd., Docket No. A-3524-06T3 slip op., pp. 3, 4-5 (citations and internal quotation marks omitted).

Like Hunterson, Petitioner is not entitled to habeas relief on his substantive due process claims because the New Jersey courts' adjudication of the claims was not contrary to, or an unreasonable application of Supreme Court precedent.  See Hunterson, 308 F.3d at 247-48.

C.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus and denies a certificate of appealability.

/s/ NOEL L. HILLMAN
**NOEL L. HILLMAN, U.S.D.J.**

DATED: July 15, 2009

At Camden, New Jersey